May it please the court, my name is Colin Mpoyo. For a claim preclusion to apply, all three elements must be established. The Northrop Grumman has found this on civil grounds, for example. I think it would help if you would try not to move back and forth and speak right in the microphone. Otherwise your voice goes up and down. Thank you. I'll try that. I know it's hard to sit still, but just try to relax and just talk in the microphone. Okay. The party at issue here is not in privative, the party in the first actions. Northrop Grumman is a complete, is an integral part, the party at issue is a complete integral part of Northrop Grumman. Whereas the party in the first action was not. Just as in Sidriff case, a party in action that appear in one capacity is not bound by rejudicator in a subsequent action where is appear in a different capacity. Also, just in the case of, just as in the case in delivering this paper, you see that this case, I think it's one of substance. We cannot just rely on the name of the captions to determine that this one is the one of substance. The general rule is that you will be barred as to any claim involving the same facts that you did bring or that you could have brought but didn't bring in the earlier lawsuit. Okay. So even if you don't bring the earlier claim, the claim you're not trying to bring, if you could have brought it at the time of the earlier lawsuit, you'd be barred. Now what happened here is you did try to bring these claims, but you brought them in too late. Right? You brought them in after the case was being considered in the summary judgment. And Judge McEnany said, it's too late. It's too late because it would not be fair to the other side. The discovery is closed. So I'm not going to let you bring the claims. It's too late. So it says, if you had never brought those claims at all, you could actually be cut out twice because you could have brought the claims initially. There was nothing that prevented you from bringing these claims at the time you brought your earlier claims, was there? Let me look, first of all, at this claim. The claim in the first actions where they were subjected to certain preconditions, such as having an EEOC letter to show letters. And the current claims are completely different in nature and substance, and they have different preconditions. So at the time... But they dealt with the same facts. They dealt with the same facts, right? It wasn't some other incident. They dealt with the same facts. The different legal theories are the same facts, the same real-world circumstances. This one, I think, was on FMLA and LFSA. The other one was under Title VII. Those are legal theories. Those are laws under which you brought them. But the complaint had to do with the same conduct that you work, right? The same set of circumstances. Yeah, that's correct. Well, the way the legal system runs is you're supposed to bring all of your claims involving the same facts in the same lawsuit. You can't bring one lawsuit to litigate the FMLA claim, then when you lose that, you bring another lawsuit to litigate the discrimination claim, you know, whatever. You have to bring them all at the same time. That's the way the legal system works. And unfortunately, you brought some claims, and you didn't know about the other ones, or you forgot about them, and you brought them too late. For example, those claims, for example, could have been, for example, been brought by the Department of Labor on their own time. The other thing also, the fact that allowed me to bring those claims were known, I can say known, just about the end of the discovery. So the facts were not known at the same time when the first action was taken. The other thing also, the other thing also is most of the claims which were dismissed on the first actions, majority of them were dismissed on the judicial ground without prejudice. And when the claim is dismissed on judicial ground, they cannot also be barred by rejudicator, so. You have about three minutes left. Do you want to say anything about it? Yeah. Okay. Or do you want to keep talking, or do you want to say anything about it? I can only battle that. Okay. Why don't we hear from the one on the side? Good morning, Your Honors. May it please the Court, my name is John Doran. I'm appearing on behalf of the Appellee Litton. Your Honors, I'll be very brief. I want to address one of the issues that Mr. Empoio raised during the argument, and that is the suggestion that he first learned of the facts that gave rise to the second action. Sometime after he filed the first complaint. All of these causes of action arise out of the identical transactional nucleus of operative facts. They all accrued as of the date of Mr. Empoio's termination. He didn't file his complaint until post-termination. He knew what the transaction was. He was on notice to investigate those facts. And more importantly, Judge McAmey specifically concluded in action number one that Mr. Empoio knew the facts and that his stated reason for not adding those claims in the first complaint was completely and utterly bogus. That was affirmed by this Court on appeal. Your Honors, the only other thing I do want to note for the Court, Mr. Empoio cited a case in his informal brief called Horner v. Ferrin from this circuit. That was a case where a motion to amend a case in action one was denied, and the trial court gave no reason for denying that motion to amend. That is a very different case from our case. For some reason, Judge Teelborg in action two said that Judge McAmey didn't give any reason for why he denied the amendment in action one. That's not true. Judge McAmey in action one first struck from Mr. Empoio's motion for summary judgment pleadings the allegations of a FALSA violation and a FIMLA violation. Then Mr. Empoio moved to amend the complaint at that time after the summary judgment pleadings were before the Court. And it was with that motion to amend that Judge McAmey said, no, it's untimely. I believe it will severely prejudice the other side. That was a decision without prejudice at the time. But once the judgment was entered in action number one, that is a judgment on the merits. And that subsumes and includes all of the other rulings of the Court, including the motion of the denial of the motion to amend, whether or not it was without prejudice at the time. Was that appealed? That was appealed, Your Honor. In fact, the last paragraph of the Ninth Circuit's memo opinion says that that was a point that Judge McAmey made. It was very persuasive, and they bought it. It was untimely. It would unfairly prejudice the parties. And I believe if you look at the Fifth Circuit case in Nielsen, it's virtually the identical set of facts. And at the very end of that case, the Court said it would be a situation that would ring hollow if you were to consider in a second action claims that were denied by virtue of a motion to amend in the first action that went up on appeal, yet that appeal was affirmed, or that decision was affirmed. It would certainly ring hollow if that were the case in this case, Your Honor. Thank you. Mr. Coyle. When you're looking at this case as a whole, this case has some unique facts and setting. And that make the religion cannot applicable. As I said, I've said this before. The first party is not the same party. It's not the complete the same party in these current actions. That is a fact. For prejudica to be applicable, all three elements must be established. But here we have this one, a very important one, where the party in the first action is not the same as the party in the second action. Therefore, prejudica cannot be applicable. That's why. Okay, thank you. Agent Hardy will stand submitted.
judges: Beezer, Kozinski, Carney